IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

WEST COAST LIFE INSURANCE          )
COMPANY,                           )
                                   )
          Plaintiff,               )    Misc. No. 09-126-SLR
                                   )
     v.                            )
                                   )    (Civ. No. 08-cv-80897)
LIFE BROKERAGE PARTNERS, LLC,      )    (Case Pending in the Dist. of Fla.)
                                   )
          Defendant.               )

**MEMORANDUM ORDER**

At Wilmington this 19th day of January, 2010, having considered the pending motion to quash filed by nonparty Deutsche Bank Securities, Inc. ("DBSI") and the pending motion to compel filed by plaintiff West Coast Life Insurance Company ("West Coast");

IT IS ORDERED that DBSI's motion to quash (D.I. 1) is granted and West Coast's motion to compel (D.I. 8) is denied, for the reasons that follow:

1. **Introduction.**  Currently before the court is a motion to quash a subpoena issued from the United States District Court for the District of Delaware, which was served on nonparty DBSI.  (D.I. 1)  The subpoena requires DBSI employees or representatives to attend a deposition and produce documents related to an on-going lawsuit between West Coast and Life Brokerage Partners, LLC, being litigated in the United States District Court for the District of Florida ("Florida Litigation").  (D.I. 2, ex. 1) West Coast filed a cross-motion to compel DBSI to respond.  (D.I. 8)

2. **Background.** In the Florida Litigation, West Coast seeks, among other causes of relief, a declaratory judgment that eight life insurance policies are void due to lack of insurable interest on the part of the Texas trusts holding the policies. (D.I. 2 at 1) Policies of this type are referred to as "Stranger Owned Life Insurance" ("STOLI" or "SOLI" transactions) and, according to West Coast, "are acts of wagering on the lives of the insured for investment and securities purposes." (D.I. 9 at 1)

3. On June 22, 2009, West Coast served CT Corporation Systems, DBSI's registered agent for service of process in Delaware, with a subpoena seeking the production of 38 categories of documents and deposition testimony on 30 topics, all related to the insured, defendant, and other parties and programs relevant to the Florida Litigation. (D.I. 2, ex. 1) In a July 6, 2009 letter, DBSI objected to the document requests arguing that they were overbroad and unduly burdensome. (D.I. 2, ex. 2) By letter dated July 8, 2009, West Coast responded to DBSI's objection and revised its requests, eliminating 15 categories; DBSI argues, however, that the scope of the subpoena was not narrowed because the eliminated categories were redundant in the first instance. (D.I. 9, ex. B; D.I. 2 at 3) The deposition and document production were noticed for July 29, 2009 in Wilmington, Delaware. (D.I. 2, ex. 1) On July 28, 2009, DBSI filed its motion to quash West Coast's subpoena in its entirety, both the request for production and deposition testimony. On September 15, 2009, West Coast responded to DBSI's motion and filed a cross-motion to compel. Briefing on these motions is now complete.

4. **Standard of review.** Rule 45(a)(2)(B) of the Federal Rules of Civil Procedure requires that a subpoena for attendance at a deposition issue from the district where the deposition is to be taken.  Rule 45(a)(2)(C) requires that a subpoena for production or inspection of documents, "if separate from a subpoena commanding a person's attendance," issue "from the court for the district where the production or inspection is to be made."  Rule 45(c)(1) mandates that a party responsible for issuing the subpoena "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena;" the issuing court "must enforce this duty" pursuant to Rule 45(a)(3)(A)(iv).  Finally, the scope of a court's subpoena enforcement powers is limited by Rule 45(c)(3)(A)(ii), which provides that a subpoena requiring "a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person" must be quashed or modified.

5. **Waiver.**  The parties dispute whether DBSI waived certain arguments against the production subpoena.  (D.I. 9 at 4; D.I. 10 at 4)  Plaintiff bases its waiver argument on Rule 45(c)(2)(B), which requires a party objecting to a production subpoena to serve a written objection "before the earlier of the time specified for compliance or 14 days after the subpoena is served."  Rule 45(c)(3)(A), on the other hand, requires "a timely motion" to enforce its mandates.  A motion under Rule 45(c)(3)(A) is considered timely if it is filed before the date for compliance.  *See Ace Hardware Corp. v. Celebration Ace Hardware, LLC*, Misc. No. 09-109-SLR, 2009 WL 3242561, at *2 (D. Del. Oct. 9, 2009) (noting that some courts interpret "timely" to mean within the compliance period, others

3

impose an additional requirement that the compliance period be "of reasonable duration"). Thus, a timely objection is different from a timely motion – if the compliance period is longer than fourteen days, an objection made on day fifteen is untimely, but a motion to quash made on the same day is timely. Here, DBSI was served with the subpoena on June 22, 2009, which required production by July 29, 2009. While DBSI raised some of its grounds to quash in a timely objection, made within fourteen days of service by letter dated July 6, 2009,[1] it raised all its grounds in a timely motion to quash, filed within the compliance period on July 28, 2009. The court, therefore, will consider the merits of all of DBSI's contentions.[2]

6. **Violation of the 100-mile rule.** The parties dispute whether plaintiff's deposition subpoena violates the 100-mile requirement of Rule 45(c)(3)(A)(ii). (D.I. 2 at 6; D.I. 10 at 4; D.I. 11 at 4) As noted above, that provision commands courts to quash or modify a subpoena that requires a nonparty "to travel more than 100 miles from where that person resides, is employed, or regularly transacts business." Fed. R. Civ. P. 45(c)(3)(A)(ii). DBSI is a Delaware corporation with its principle place of business at 60 Wall Street, New York City, New York 10005. (D.I. 2 at 2) According to the papers

---

[1]According to Fed. R. Civ. P. 6(a)(1), in computing time, the day of the event that begins the period (here, service of the subpoena) is excluded; even if June 22 were included, the last day of the fourteen-day period would fall on a Sunday and would be excluded pursuant to Rule 6 (a)(3), making the July 6th letter timely as well.

[2]Additionally, this court has discretion to consider untimely objections and motions. See Ace Hardware, 2009 WL 3242561 at *2 (granting a motion to quash filed over a month after the compliance date).

4

submitted,[3] that address is over 100 miles away from Wilmington, Delaware, where the deposition was noticed. (D.I. 10 at 5) Given that the subpoena was one directed to the corporation pursuant to Fed. R. Civ. P. 30(b)(6), and because DBSI has demonstrated that its employees work more than 100 miles from Wilmington, the court will quash the subpoena in this regard.

      7. **Invalidity of the production subpoena.** Having quashed the deposition subpoena pursuant to Rule 45(c)(3)(A)(ii), the propriety of the production subpoena may be judged independently, pursuant to Rule 45(a)(2)(C). *See Hallamore Corp. v. Capco Steel Corp.*, 259 F.R.D. 76 (D. Del. 2009) (examining the validity of a production subpoena independently after determining that the accompanying deposition request was invalid). The case law in this regard is rather muddled. In the first instance, Rule 45(a)(2)(C) states that a subpoena just for the production of documents can issue from the court for the district "where the production or inspection is to be made;" i.e., "not the district in which the documents are housed but the district in which the subpoenaed party is required to turn them over." *Hay Group, Inc. v. E.B.S. Acquisition Corp.*, 360 F.3d 404, 412 (3d Cir. 2004). The Third Circuit goes on to clarify this language as follows:

> The Notes to the 1991 Amendment [to Rule 45(a)(2)] reflect the same understanding of this language. The Notes state: "Paragraph (a)(2) makes clear that the person subject to the subpoena is required to produce materials in that person's control **whether or not the materials are located within the District or within the territory within which**

---

[3]DBSI submitted affidavits indicating that its "principle place of business is in New York," it "does not maintain any [responsive] documents in Delaware," and "no potential witnesses who may have knowledge of the issues listed in the subpoena reside or work in Delaware." (D.I. 3; D.I. 4)

> **the subpoena can be served.**" Fed. R. Civ. Proc. 45, Committee Notes, 1991 Amendment Subdivision (a) (emphasis added); *see also* . . . 9A CHARLES ALAN WRIGHT AND ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2456 at 31 (1995 & 2003 Supp.) ("Even records kept beyond the territorial jurisdiction of the district court issuing the subpoena may be covered if they are controlled by someone subject to the court's jurisdiction[4].").

*Id.* Therefore, the question remains whether nonparty DBSI has any employee or other legal representative (e.g., the agent for service of process) located within this court's jurisdiction who possesses a sufficient degree of control over corporate documents maintained outside the court's jurisdiction to make it appropriate to enforce the production subpoena. *See, e.g., Hallamore*, 259 F.R.D. at 80; *City of St. Petersburg v. Total Containment, Inc.*, Misc. No. 07-191, 2008 WL 1995298, at *3 (E.D. Pa. May 5, 2008). The court has determined that DBSI has no employees who are located within 100 miles of Wilmington, Delaware. DBSI asserts that no responsive documents are maintained in Delaware and that its agent for service of process in Delaware has no control over DBSI's documents or business records. (D.I. 2 at 5) Since plaintiff has not alleged the degree of control by the agent necessary to allow this court to issue a production subpoena over documents located outside the district, the production subpoena as issued is invalid.

---

[4]Although it is not clear from the case law whether the court's jurisdiction in this regard is defined by the scope of the court's subpoena enforcement powers or by its territorial jurisdiction, it is of no moment under the facts of this case.

6

8. **Conclusion.**  For the above reasons, DBSI's motion to quash (D.I. 1) is granted and West Coast's motion to compel (D.I. 8) is denied.

United States District Judge